We'll hear argument next in Case 10-11-4, Fox v. Vice. Mr. Rosenkranz. Thank you, Mr. Chief Justice, and may it please the Court. Mr. Fox has rock-solid legal claims against a police chief based upon facts that were strong enough to send that police chief to prison. Yet he's been ordered to pay all of the attorney's fees for an entire two-year course of a litigation because his lawyers decided to plead and then drop a single Federal theory. That award is wrong, and it's not what Congress intended. Congress wanted to protect defendants from the lying or the vexatious plaintiff who shouldn't be in court at all. Do we take the case on the assumption of your predecessor, and you may disagree, but do we take the case on the assumption that this was a frivolous cause of action? Your Honor, the Court took the case on the assumption that the legal theory was frivolous, but that the underlying cause of action, which is to say the operative facts, were meritorious. And in fact, they are meritorious. They are going to trial in two weeks. And so this is a wrongdoing defendant against whom was pled a legal theory that we now assume was frivolous. Scalia, my goodness, you could say the same underlying facts justify, you know, a suit for libel and also justify a much greater suit. I'm not sure that we look to simply the underlying facts. We look to what kind of liability was sought to be imposed upon the defendant. That's what determines how much money the defendant is willing to pay for his lawyer and how much he has to expend in defending. Your Honor, in this case, the liability was far greater for the State court claims than for the 1983 claims. But Congress was concerned. Kennedy, that's not quite right. To the extent they overlapped, even on the theory that the Federal claims were presented, the plaintiff below was seeking attorney's fees. Yes, Your Honor. In 1983. So the city's liability would be greater. That was one incremental increase. But the liability in this case on the constitutional claim was for, and the reason it was found to be frivolous, was that he was seeking liability on a constitutional claim for being deprived of his right to run for office when, in fact, he won the office. The intentional infliction of emotional distress, the reputational harm was far greater. Mr. Rosenkranz, you knew that, though, from day one. This case is brought in State court. It's removed to Federal court. Ultimately, the plaintiff says, I recognize that as a matter of law, my 1983 claim is no good. But the plaintiff didn't say that until 18 months after the transfer. So doesn't the plaintiff have some responsibility for running up all these costs in the Federal, burdening the Federal court, having discovery in Federal court, instead of saying, when defendant removed the case, either dropping the Federal claim or conceding at that point that it had no merit, so it's only the State claims? I mean, doesn't the plaintiff bear responsibility for keeping that case in Federal court for 18 months? Rosenkranz, The answer is partial responsibility, yes, Your Honor. But let's go to the other. And I think Your Honor is correct to be looking at the burdens. The burdens of the discovery were all the same. It was the same nucleus of operative fact. Now, if this was indeed frivolous from inception, the defendants could easily have filed a motion to dismiss. It should have taken no time at all. And if there was incremental increase in discovery with respect to the Federal claims, then the defendants have only themselves to blame for not having moved to dismiss early on. Alito, What if Mr. Fox had filed two actions, the Federal claim in Federal court, the State claims in State court? Now, the Federal claim is handled in the same way that it was here. It's found to be frivolous. Would not the defendants be entitled to all of the time that they spent preparing for the Federal court case? And they're simultaneous. They're simultaneous, Your Honor. I think that's a much harder question. I think the answer would be yes, they would be entitled at least to those incremental increases in the burden. But if they're doing discovery on both cases, they can't say, oh, well, this is the all of the discovery was Federal discovery, none of it was State discovery when they were on the same facts. It's the incremental burden when you've got these intertwined. Alito, you're proceeding on the assumption, which I think is certainly based on what I know of the record, true here, that the State claims are far from frivolous. But how is — let's take another case where it isn't clear whether the State claims are any more meritorious than the Federal claim. Then how is the Federal judge supposed to handle the calculation of attorney's fees in the separate Federal suit? So, Your Honor, we're still operating on the hypothetical that they're separate cases, not intertwined. Yes. Because my answer might be different. Well, the facts are intertwined, but they're two separate cases. So you have claims of unknown merit in State court. You have a frivolous claim in Federal court. My answer to that hypothetical is the same as our point 2, that if there is — that if there are fees to be awarded at all, they have to be fees that are tethered to the rationale for there being a right to attorney's fees in the first place, which is what was the incremental burden of the Federal — of the Federal lawsuit. And a judge can't do that. So how do you calculate that? I mean, that's what the question was. Well, Your Honor, it would be very easy in this case. What you do is you look for entries or ask the defendant to come forward with entries that say this was specific to the Federal lawsuit. I had to file a removal notice. I had to litigate over the Federal lawsuit. Roberts. It's an incredible burden to impose on the district court. It's hard enough for clients to read through these billing records and figure out what's valid and what's not. But to ask the district court to then go through and look at it and see — and maybe it doesn't say, you know, 1983 suit, State suit. Maybe it's just an entry. And then you've got to go through entry by entry and say, well, now, was that for the 1983 action or was that for the State court action? Your Honor, I think that seems just — sorry. I don't mean to drone on, but that seems to me to be an especially odd burden to impose when you're dealing with an area where there is a heavy dose of discretion to the district court in the first place. So, Your Honor, let me then start — move back to our overarching point, which is that these are the sorts of incremental burdens that are trivial if they exist at all and that shouldn't be awarded attorneys' fees at all. Well, maybe in your case, but there's no reason to suppose there won't be cases where the things are flipped. And the Federal claim, perhaps frivolous for a legal reason rather than factual one, is the dominant driving force in the litigation. And you've tagged on a few other State claims. Your Honor, that's a key point in our presentation. It actually doesn't matter whether it's flipped or not. The factual foundations are the same by definition for all of the legal theories. So the factual— Ginsburg. Mr. Rosenkranz, there are distinct differences in the 1983 suit because, first, the plaintiff has to show defendant acted under color of State law. That's not going to be necessary in the suit for extortion or defamation. It has to show that Vice was an official policymaker for the City. Those are discrete issues that relate to the 1983 claim, but have nothing to do with the extortion-defamation claim. Indeed, Your Honor. And so let me answer that question in two ways. First is, if the defendants see a complaint, a 1983 theory, that is flawed at the level of color of State law or policymaker or not, they should move to dismiss on the theory that is presented on the face of the complaint. That's a pretty audacious claim, that you filed such a frivolous cause of action that they shouldn't have wasted so much time responding to it. No, no, Your Honor. My point is— That's a lot of chutzpah. Your Honor, that's their point. They're saying it was frivolous on the face of the complaint. Well, if it was frivolous on the face from inception, they should have moved to dismiss from inception. And you shouldn't have filed it. I understand the argument, Your Honor, but the Seventh Circuit has a very good opinion that's cited in the brief that explains that when the defendants are just racking up fees on a claim that they claim is frivolous, that they could have filed a motion to dismiss on, they shouldn't be racking up fees on that claim. Sotomayor, can I understand what legal analysis you're proposing? Your blue brief seemed to suggest, as does your argument a few minutes ago, that you want the Sixth Circuit's rule, which is the only circuit that applies this rule, that says when the facts are identical and interwined, the defendant gets no fees. All of the other circuits, as far as I can tell, don't go to that extreme. They say something closer to what you started with, and your yellow brief suggests, is above foreclause. The defendant is entitled to those costs related to the defense of the frivolous claim. Which of the two theories are you advocating? And then a separate question of what standard of review should be imposed in those situations in which the activities are so interwined, but there is still a core essence of defense of the Federal claim, which is some of the hypotheticals my colleagues. Yes, Your Honor. Let me begin by correcting the premise, if I may, Your Honor. The Sixth Circuit is an outlier. But the Sixth Circuit is an outlier because it says if you've got a lawsuit with related and completely unrelated claims, no fees at all. The majority rule, the clear majority rule, is the rule that says no fees at all when you've got intertwined claims. That is the Sixth, which also has that other piece, the Second, the Ninth, and the Eleventh. Then, and that is the rule, that is the primary rule that we are advocating. No fees if they are intertwined because the burdens of demonstrating that a legal theory is frivolous are minimal. But we have the backup. Our difference is in how we read those other circuits, but I'll accept your proposition. Well, Your Honor, I would encourage the Court to look at the Schwartz Treatise, which says what I've just articulated is the clear majority rule, not just among the circuits, but in the district courts where circuits haven't weighed in. Can I clarify what you mean by completely intertwined? You mean there is no incremental work just on the Federal action? No, Your Honor. What I mean by completely intertwined is that they arise from the same core of operative facts. So you're looking for fees in your first argument, even though they can identify fees that were incurred solely on defending the frivolous cause of action? I'm looking to block fees even though they can. And the reason is Congress was concerned about burdensome litigation, not about minor trivial increases in litigation. To utter three sentences about a legal claim and then say that's a trivial case. All right. That's an easier case. What if it's 20 percent spent on the Federal action? Is it still completely intertwined? Your Honor, the premise here is that the Federal action is completely frivolous. There shouldn't be 20 percent spent on the Federal action if they're all intertwined. If it's frivolous on its face. What if it's not completely frivolous, but frivolous enough to satisfy a demand for fees? What if it does take them, you know, 40 hours to prepare the motion to dismiss it as frivolous? Do they get those 40 hours? Your Honor, I guess I'm having trouble accepting their premise. It shouldn't take 40 hours to tell a court, here's the claim and here's a string set of 17 cases that say it's wrong. But let me then move to the second. If you look at the facts, they assume good faith on the part of their adversary that would not file a frivolous claim. The idea that it's going to be able to, they're going to look at it and say this is frivolous, file a motion in Federal court, I think that doesn't reflect an adequate – doesn't reflect a realistic understanding of Federal litigation. I understand, Your Honor. And let me just make one other point about our first rule and then move to the second rule. The point that was made earlier, that Your Honor made, Mr. Chief Justice, earlier about the burden on the court is yet another reason why we shouldn't open up this new avenue of ancillary fee litigation. When it's just that incremental burden, we now have not just the burden of a frivolous claim, but the burden of courts addressing attorneys' fees applications on the frivolous claim, and the burden of the courts now of defendants playing the games of withholding motions to dismiss that should have been brought earlier. Kennedy, I don't want to have you adopt this phrase, but just tell me, just clarify. Are you saying that it's a but-for test, that you get only those fees for time that was – would not have been incurred but for the frivolous claim? So let me move now to the second argument, Your Honor, and the answer to that is yes. If there are going to be fees at all, the fees should be tied to the basis on which Congress is allowing defendants to get fees, and that is defendants are suffering extra burdens, we want to protect them from those burdens. If that is the rationale, as everyone agrees, then the only fees that should be covered are fees that would not have been incurred but for the existence of the Federal claim. And that is, to the Chief Justice's question, actually not that hard to demonstrate. If plaintiffs keep good, accurate records and they know that they are going to be seeking or may well be seeking fees on the Federal claim, identify the few documents that are really just. Roberts, and that's not how it works. You say they know they are going to be seeking claims. They don't know in advance this is going to be a frivolous claim. The discovery is going to be completely overlapping or it's not going to be overlapping. And most lawyers do not keep detailed, accurate billing records. That's just an underlying reality. So I do think it's a significant burden on the district court to say go back and read these, read these billing sheets, figure out which is which. Presumably have litigation over it. Someone is going to file a motion for these fees. The other person is going to say, no, no, it should not be 20,000, it should be 15,000. And our precedent in this area gives a huge amount of discretion to the district courts. Just reasonableness. And it seems to me you are buying into a lot of litigation to decide whether it's 20,000 or 15,000. Which is my one of my reasons for our point. I understand you go back to the first point. Yes. But, Your Honor, let me just explain how I think this works. First of all, a lawyer who has a Federal claim against him is duty-bound to start keeping track of the Federal issues early, just like the plaintiff who is going to seek fees is as well. But it isn't that hard, because the vast majority in an intertwined case like this, the vast majority of expenditures will be overlapping expenditures. All of the discovery or most of it will be overlapping. And the lawyer does have the obligation then to say, if there are separate things, it's the burden on them, that is, the defense lawyer, to point out those incremental burdens that would not have been incurred. But the lawyer has to keep account of, now, if I'm going to spend time on under color of State law, I have to label that and figure the hours for that separately. And similarly, for whether Vice was an official policymaker, the hours that you are requiring that, instead of saying X number of hours for a deposition of witness A, you are requiring particularizing the issue. Yes, Your Honor. And that's what Hensley says. Hensley says general litigation is general litigation, and you don't try to parse it out. But if there are, in the case of plaintiffs, that redounds to the benefit of plaintiffs, because the entire case, all the general litigation, could have contributed to the ultimate success. When it comes to the defendants, though, the general litigation costs could easily or almost certainly were incurred in connection with the overall defense. And so it makes perfect sense to say to them, break out the pieces, the documents that were really just about the Federal lawsuit. And, Mr. Rosenkranz, in this case, what's your understanding of the approximate percentage of time that was spent on the Federal issues that Justice Ginsburg was talking about? Minuscule, Your Honor. And let me refer the Court to the supplemental appendix. If you look, for example, on page 30, that's where Vice's expenditures began. It goes for 37 pages. There is but one reference to Federal law. It's like looking for Waldo, trying to find the theme that they claim was dominating this case, which is on page 38, one reference. And so I would say it's trivial, and particularly then, if we layer over this the proposition that the district court's lawyer's office was responsible for all of the And that was done mostly by the city. So the city was focused on — there was motions practiced about some of the legal theories. Very little about the one that was purported to be frivolous. There was quite a bit about color of State law, policymaker, which, as I said earlier, certainly the district court should be allowed — should be encouraged to ask whether those should have been incurred or whether there should have been a motion first. And then there was the removal petition, and then there were the arguments about whether it was frivolous on the basis on which it was removed. Alito, what if the potential liability on the frivolous claim is much greater than the potential liability on the factually interrelated non-frivolous claims? And the defense argues that we spent a lot of time on — a lot more time on these interrelated factual issues because of our fear of the greater liability on the frivolous claim. Not this case, of course, and I know this is a hypothetical. The answer to that would be I can imagine a district court being allowed to carve out an exception where they can say, wow, we hired much more high-powered lawyers than we would have otherwise, and that was responsible for an incremental increase. Sotomayor, did the — the district court here said they're interwined claims, they all relate to the frivolous claim, they're entitled to full fees. The Fifth Circuit seemed to do the but-for test. Are you agreeing with that? It's — the language it uses sounds like a but-for test. The defendant is only entitled to attorney's fees for work which can be distinctly traced to frivolous claims. We are confident that the district court can assess the amount of attorney's fees attributable exclusively to a plaintiff's frivolous claims. Is that correct? That is a correct quote, of course, Your Honor. You think they misapplied that? They — what I would say, Your Honor, is not that they misapplied it. They uttered one sentence that was correct, and then — then. And they joined the Ninth and the other circuits that have the but-for. So it's three places. They said, we're not joining an exclusive fees entitlement either way. We're joining what the majority of the circuits are doing. Yes, correct. So they uttered those sentences. Those are correct. The Fifth Circuit then applied a series of standards that bear no relation to the but-for test. The Fifth Circuit didn't. That's not why we took the case, to correct the factual application. Agreed, Your Honor. I'm not saying it was a factual misapplication. I'm saying every sentence after that is a direct contradiction of the but-for test. I mean, for one thing, it cannot possibly be true that you can apply a but-for test when no one has ever looked at the underlying records. The district court said it didn't have to. The Fifth Circuit said that the reason the district court was correct was because the main focus of the parties, what they had in their heads, was the Federal case. Under a but-for test, it doesn't matter what they had in their heads. It matters whether the work is wasted, whether it's transferable to the district. Scalia They messed up the application of the but-for test. I thought the issue before us was going to be whether the but-for test is a proper test, not whether this particular court, having expressed the proper rule, misapplied it. I don't care about that. Your Honor, I understand your point. We're disagreeing about whether this is simply a factual misapplication, which I believe it was not, or a statement of a series of standards that when district courts in the Fifth Circuit now apply those standards, will never get to the but-for test, because they will always ask, well, what was on their minds, or what forum was the next sentence, what forum was this litigation in? Well, it was in the Federal forum, therefore, they are just Federal fees. Roberts Mr. Rosenkranz, I'm looking at the billing sheet, August 14, 2007, 32 hours, miscellaneous cost online research. Is that for Federal or State? Rosenkranz Your Honor, it's general research that I would say if the lawyers did not specify that this was for specifically incremental increase in the cost of the lawsuit on the Federal theory, then they have lost the opportunity to try to make that case. This is not a unique observation in civil rights litigation. Plaintiffs' lawyers have to do that all the time. They all do. Scalia You've done this several times in the course of your argument. You're sort of equating, you know, the attorney's fees for frivolous suits with the normal attorney's fees that the plaintiff gets when the plaintiff is victorious. I'm not sure that we should treat the two situations about the same, because the plaintiff gets his attorney's fees whenever the plaintiff wins, whenever the plaintiff wins, whereas the defendant gets those fees only when the plaintiff has brought a frivolous suit which should not have been done, which is wrongful, which is wrongful. It's perhaps sanctionable under Rule 11. I'm not sure that we have to even-handedly apply the same kind of rules. Rosenkranz Your Honor, I actually believe that the Court should not be even-handedly applying the same set of rules, but we reached the opposite conclusion about which side gets the benefit of the burden. It is for plaintiff's benefit for the most part that this fee-shifting provision was in the statute.  And that is not for the frivolous lawsuit, but for the frivolous theory layered on to an otherwise meritorious lawsuit. I think I've made my point. Ginsburg Mr. Rosenkranz, one piece of this, and you must know the answer. Under the Louisiana law, now, we have the extortion, defamation, and emotional distress going forward in Louisiana courts. Does Louisiana follow the American rule so that a plaintiff, even if the plaintiff prevails, there would be no award of fees? Rosenkranz My time is reserved for rebuttal, but I will answer the question. Louisiana follows the American rule, so no fees on the State court claims.   Thank you, counsel. Mr. Stancil. Stancil Mr. Chief Justice, and may it please the Court, I'd like to focus first on the question of eligibility, but I do want to return later to why Hensley supplies the correct analysis for calculating fee awards. Much of Petitioner's eligibility argument rests on the notion that frivolous Section 1983 claims imposed only modest or, as he described them today, trivial burdens on defendants, and that's simply not the case. As amici who deal with these cases on a daily basis have confirmed, inclusion of even a frivolous Section 1983 claim imposes significant additional burdens as part of the litigation. Sotomayor So why can't you prove that? Stancil I'm sorry, Your Honor? Sotomayor Why can't you prove that in a but-for situation? Why don't you tell me what you your proposed standard is? As I understand it, you would say if the Federal claim is frivolous, then you're entitled to all fees, even if the State law claims overlap and have merit, or potential merit. I think that's your position? Stancil No, Your Honor. I would like to clarify it. We are talking now about calculation of the award, assuming eligibility aside for the moment, and I'll come back to that. It has to be a frivolous claim. Roberts So we're eligible. The standard is, as under Hensley, what is the degree of overall success in proving that these claims are frivolous? Simply put, how much of the action or proceeding to enforce Section 1983 was frivolous? And that's the standard set forth in Section 1988. Section 1988 does not reference State law claims that may be factually overlapping. Roberts If the liability under the State law claims is $100,000, and the liability under the Federal claims is the same, and you win on the Federal claim and you lose on the State law claim, if I were the client, I would say your degree of success was zero. I still have to pay $100,000. The fact that you won on one claim but then lost the whole issue, the whole value on another, I wouldn't call that a degree of success. Stancil Well, that would be something that a district court would take into account as part of its discretion, and that's exactly the point of Hensley. Hensley says it's hard to pull some of these hours apart in the ordinary case. Now, this is not the ordinary case. I think that's clear. Here, the plaintiff did not even press his State law claims in Federal court. Those claims, the district court found, were so deeply buried in the complaint that the plaintiffs were not even on notice that a defense to them was required. Ginsburg I don't see how that one can say that. Looking at the complaint, it said extortion, emotional distress. Where is the complaint? Let's look at it. It's at pages 37 to 43 of the Joint Appendix, Your Honor. And I would direct the Court to page, specifically to pages 41 and 42 of the Joint Appendix. The only cause of action actually set out here with any specificity is section 1983. If you look at page 41, it says, The rights, privileges, and immunities afforded by Petitioner by our Constitution and laws that were violated include but are not limited to the following. And then he lists the right to seek public office, the right to be free from extortion, the right to be protected. Ginsburg The right to be free from extortion. Yes, Your Honor. Ginsburg The State law claim. Yes. No, Your Honor, that is what he said, that his right was denied as part of his rights, privileges, and immunities afforded Petitioner by our Constitution and laws. He says on the next page, on page 42, and this is a critical distinction, and I think this was the premise of the district court's finding. He says, Petitioner has suffered and is entitled to recover reasonable sums for the following items of damage as a direct result of the actions of defendants. And that's where he lists past, present, and future emotional distress, embarrassment, humiliation, reputation, punitive damages, and other relief, and other damages to be proven at the trial of this matter. Kennedy Well, I'm just not familiar with Louisiana standards of pleading. Afforded under 16 on page 41, the rights, privileges, and immunities afforded Petitioner by our Constitution, Federal, and laws, State and Federal. It seems to me that reading the complaint would permit that. I don't know what degree of specificity is required. Well, I think that would be more than generous in the context, and then you would do what the district court did and look at how the parties acted from this point forward. And the district court found that the defendants, that these claims were not sufficiently pled. This is on pages, I believe, 20, pardon me, 32 and 33 of the Petition Appendix. Plaintiff made certain allegations, this is the district court, that could be characterized as State law tort claims, but plaintiff did not plead these allegations, did not make these allegations separate from section 1983. Ginsburg I thought that the Louisiana pleading rule was that you state the basis of your claim and you do not have to plead legal theories. And if that's so, then if this defendant removed this case to Federal court, the plaintiff wanted to keep it in State court. And in Louisiana, under Louisiana pleading rules, it would have been perfectly appropriate. The claim alleged gave rise to extortion claim, the defamation claim. So this complaint was filed in Louisiana court that has a rule that says tell us what happened and then you can have whatever legal theory you're entitled to. Yes, Your Honor, but it included a Federal cause of action that allowed removal to Federal court. And once it's in Federal court, it's subject to the Federal rules for pleading a claim adequately in specificity. And here the district court found these State law claims, there was not a whiff of them until the very tail end, 18 months later, when it was actually in response to the town of Vinton saying, by the way, just to be clear, there are no State law claims here. Ginsburg-Miller Isn't that implausible, Mr. Stanislau, when we consider that, of all the claims here, the one that would seem easiest to prove is extortion, because Vice was convicted of extortion in a criminal proceeding. So if you're looking at this, what is the outstanding claim here, I would assume that it was the extortion. Well, Your Honor, again, look at how the plaintiff used the fact of extortion. If you go, this is the correspondence, pardon me, the pleadings on summary judgment when plaintiff filed a motion for summary judgment. The defendant said, you've said nothing about under color of law, this is an anonymous claim. He says, he didn't say this is a State law claim for extortion. He said, and this is a quote, he says, it is not necessary to show that Vice was acting under color of law. The simple act of extortion is sufficient. He picked the section 1983 horse. He rode it as far as he possibly could, and only at the eleventh hour, when the district court finally called him onto the carpet, did he say, okay, I can see these claims have no merit, and then he backed off, and then he went and drove. Well, the district court was prompted to do that by your motion for summary judgment. Correct, Your Honor, and that's how. And you could have brought that motion very early on. If this is a frivolous claim on its face, then why didn't you move to have it dismissed immediately? That's a very important point, Your Honor. It, I think, is a false assumption that every claim, or even this claim, or pieces of this claim, are frivolous on their face such that you can look at the complaint and have it thrown out of court. I'd like to point, Your Honor, specifically to the allegation, this is on page 39, I believe, of the joint appendix, in which this is an allegation of the complaint where plaintiff says that Vice printed the extortion letter at the police station. Presumably, this is in support of his under color of law theory. He's deposed, this is on pages 330 and 332 of the joint appendix, and Fox admits he had no basis for that claim. We can't walk into Federal court and say, we know this is false, we know he didn't print this at the police station, he didn't use the police resources to do it. We have to depose him, we have to marshal the facts, and then we have to go in on summary judgment and prove that. Kagan, Mr. Stancil, can I get you to just think about a hypothetical with me? There's a plaintiff and he files a suit and it has a State claim and a Federal claim. And the Federal claim is a really bad claim, it's frivolous, and it eventually gets tossed out and it's labeled frivolous. But the State claim is a really good claim and it wins, all right? The plaintiff has requested $100,000 and the plaintiff gets $100,000 because he's won on the State claim. Now, here are the legal fees. The legal fees are 20 percent was incurred solely for the State claim, 20 percent was incurred solely for the Federal claim, and 60 percent was incurred in both because there were overlapping issues and it's just impossible to tear them apart. What are the fees in that case, according to you? Stancil, it would be within the district court's discretion. I think it's going to be closer to 20 percent than to 80 percent. But again, this is the central message of Hensley, and I think it's a good point. Kagan, okay, but so in other words, you're saying he gets all the work, the defendant gets the work done on the Federal claim, not understanding that the plaintiff has gotten his entire relief, is that right? Stancil, all the work that is incurred in defending the Federal claim, even though the plaintiff has, from the plaintiff's view, has completely won the lawsuit. Stancil, correct. He has, yes. Is there a follow-up? I don't want to interrupt the follow-up. Kagan, no, go ahead. Stancil, okay. Yes, he gets the 20 percent at a minimum that are but-for attributable, but it is within the district court's discretion to award more, and here's why. Kagan, and, okay, go ahead. I'm sorry. The burden, the question is what is Section 1988 authorized? It authorizes fees if you're a prevailing party entitled to fees in an action or proceeding to enforce Section 1983. In Your Honor's hypothetical and in this case, there was only frivolous Section 1983 claims. So in terms of fulfilling the mission, the statutory purpose underlying Section 1988, I think it would be incumbent upon the district court to say, you know what, this entire, you triggered a fee-shifting statute, the entire Section 1983 action was frivolous. And so I think it's within the district court's discretion to give them more, something between 20 and 80 percent under those, under the hypothetical. So but on that theory, the plaintiff would be paying the defendant's fees for work done where the plaintiff won. Because the plaintiff levied a frivolous, not just a faulty or unsuccessful, a frivolous cause of action under Section 1983. And this is the point of why 1988 is different from, say, Rule 11 and other provisions that limit bad faith actions. It's a policy choice by Congress. There are burdens allocated to both sides. And there are consequences or maybe consequences within a district court's discretion. Sotomayor, but I thought that what Congress said and what we've said in Hensley, that the only thing that the defendant is entitled to fees for is the burden of the frivolous Federal claim. Your answer to Justice Kagan is suggesting that even if the plaintiff wins, wins everything they were seeking, you're still entitled to 80 percent of your fees, even though the Federal claim didn't add anything to your work, to your work except 20 percent. To be clear, Your Honor, I'm not saying we would be automatically entitled to 80 percent. I'm saying Hensley, under the principles of Hensley, the district court would have discretion to award more than 20 percent. Sotomayor, but tell me why we would, given the differences that we've announced in Hensley between prevailing plaintiffs and prevailing defendants, because you can only prevail as to a frivolous fee. Why don't we start with your entitlement to your entire fee and deduct from it, instead of starting the other way, which seems more logical, which is you're entitled to the fees related to your frivolous claim. So why don't you have to prove that first? Hensley, I don't think it would matter to the outcome of this case, and I'd like to come back to that. But the reason for starting at what does it what is the 1983 fee in total and working backwards from there is based on the fact that the plaintiff is entitled to 80 percent of the fee. Sotomayor, I don't think it would matter to the outcome of this case, and I'd like  But the reason for starting at what does it what is the 1983 fee in total and working backwards from there is based on the fact that the plaintiff is entitled to 80 percent  Sotomayor, I don't think it would matter to the outcome of this case, and I'd like to come back to that. With respect to an action or proceeding to enforce Section 1983, I think the but-for rule would make more sense if we were talking about non-frivolous Section 1983 claims alongside frivolous Section 1983 claims, because there the pie that Section 1988 is concerned about, the 1983 pie, is chopped up. But here we have a State law pie and we have a 1983 pie, and all of this pie, if you'll pardon the tortured metaphor, is frivolous. So you look at the terms of the statute. What is Congress authorized? Your fees for a frivolous Section 1988 claim. We say, and for I think good reasons, that it's consistent with the congressional purpose to consider whether to reduce that award. You do not have to award them the entire pie. But I think it is a faulty assumption. It doesn't fulfill the purposes of Section 1988 to say, well, if you've invoked this frivolous claim and you put this fee shifting on the table, that you're immune from fee shifting as long as these claims or certain fees are relevant to both. But I do want to come back to why this makes no difference to the outcome of this case. Not only is that the standard that the Fifth Circuit announced and applied, but it is also the case that the only claims prosecuted in Federal court were Section 1983 claims, and here we have to come back to that. Ginsburg-McGillivray So the First Magistrate to get this case said explicitly that the discovery materials, the discovery in the Federal court, would be usable in State court proceedings where those materials might aid faults in obtaining a judgment. So doesn't that have to be taken into account, that the discovery materials developed in Federal court will now be used in the State court proceeding? Well, Your Honor, there is a difference between saying these depositions may be used and saying they will be useful or finding that they would be significant to the disposition of the State law claims. The district court said only, the First Magistrate judge's opinion said only, that these depositions may be used. This is a simple way of telling the parties, you know, don't come back to me and argue about whether this deposition was properly noticed and, you know, these questions and answers have been asked. But I think there is a more fundamental point, Your Honor, which is the district court in awarding fees found that there was no whiff of State law claims until the very much the eleventh hour in this claim. And this is precisely why, Justice Sotomayor, back to your question, we really need district courts to have discretion. If, as in this case, we will assume there are State claims and Federal claims, but as the district court found, those State claims are deeply, deeply buried in the weeds, that's precisely the case in which the district court needs to have discretion to say. Roberts, and I assume you agree that discretion can end up going either way. You could submit timesheets that show 35 percent of our time was spent on the Federal case. And the district judge can say, you know, timesheets are subject to manipulations, too strong a word, but I'm just not going to give you 35 percent, I'm going to give you 10 percent. That's a reasonable exercise of discretion. The judge doesn't have to say a whole lot about it and is certainly going to be upheld on appeal, right? Correct, Your Honor, and this goes to the question of whether these standards are administrable. The abuse of discretion standard in fee awards has worked and worked fairly well for the better part of three decades. The surest way to invite satellite litigation over fees is to announce a rule in which you have to say, well, does it meet the but-for test or does it not meet the but-for test? Or with respect to even eligibility, to say, well, are they related or are they unrelated? Sotomayor, every other circuit except for the Sixth has dealt with the but-for test or some variant of it. Even the Fifth did it in this case and ruled in your favor. What you're asking for is, I think, very akin to the opposite rule of saying if we dismiss the Federal litigation, you're not entitled to any fees, because this case was about, is in Federal court, so that's the only thing that matters. That seems to be your rule. Every other circuit has some variant of the but-for, and they seem to manage it just fine. Nobody likes attorney's fees. Well, Your Honor, I think the statement of the but-for test in application will become very – will be very close to the test that we're espousing here, and that – here's why. Expose your test for me. Because I still don't understand it, except flipping Hensley, but Hensley has a different predicate, which is that plaintiffs are, if they win, entitled to fees. The district court has discretion to award fees fairly attributable to the portion of the lawsuit that is declared frivolous. That's the test. And here's why in many cases that's going to be similar to, not identical, but similar to a but-for test. Usually, you will push these claims simultaneously, Federal claims and State claims simultaneously, and so there will be a lot of things that are – that go in both directions. But in this case, a special case where you have Federal, Federal, Federal, that's all they said in district court, and this is all over the record, where every time the case is described back and forth between counsel, after the moment of filing the complaint, until we get to the summary judgment proceedings 18 months later, everybody calls this a Section 1983 suit. And then at the last second, there's, oh, we have State law claims, let's go back to State court and litigate those. And where the district court grants the Petitioners, the plaintiffs' request to go back to State court, that's the right time when you need discretion to be able to award what just happened. Alito, reconciled the test that the Fifth Circuit said it was applying, which is – which is the fees that were actually awarded here. Because the only work done at the time of the fee request was on a Section 1983 claim because the State law claims were not pursued, and that was the finding of the district court that says these claims were so deeply buried, you weren't even on notice. Now, there's a difference. But that certainly conflicts with the First Magistrate, because the First Magistrate says it's usable material in the State, for the State court proceeding. Your Honor, I don't disagree that there are questions and answers in these depositions that will be used in State court, absolutely. But there's a difference. What matters when a district court is assessing fees and evaluating a fee request is how was the case litigated while it was in action or proceeding to enforce Section 1983, not how could the case have been litigated, not how, if you had also pursued State law claims, would these things have been relevant. And once these Section 1983 claims, all of them, are out and declared frivolous, Section 1988 ceases to operate in the sense that it's no longer an action or proceeding to enforce Section 1983. Alitoso, can I ask you a question, I ask Mr. Rosenkranz? Here, the argument seems to proceed on the assumption that the State law claims are not frivolous and may well be meritorious. But suppose that the Federal court was in no position to make that determination at the time of the remand. What is the Federal court to do then? Rosenkranz, but it's several options. And I'd be remiss if I didn't specify that those State law claims will be hotly contested when they go to trial next month, and I don't want to leave any misimpression on that. But the district court has a series of options. First of all, if the cases, if the claims are going back to State court, the party does have to file the motion for attorneys' fees under Rule 54. You have to go in and say, if there's a judgment being entered, here, we want our fees. The district court could stay the request, defer it until the State court rules on the State law claims. Those requests were not made here. So the district court has lots of options. But where, particularly where the plaintiff desires to go back to State court and the Federal case is coming to an end, the district court must have the discretion to enter a fee award at that time. And in fact, that has been the case, and it's specifically mentioned in the House report to section 1988, that interim fee awards, when there's an order that disposes of substantial rights, are permitted. And again, this is why you want discretion in the hands of the district court. Scalia. You want us to decide this case on the basis that it was only, it was only a 1983 claim for the entire time it was in Federal court until the, until the very end, right? Correct, Your Honor. And that it was not a. What good does that do? I mean, is that why we took this case? Well, Your Honor, we. What principle of law that's going to help the lower Federal courts would come out of that holding? Well, I think. If you have nothing but a 1983 case, you can give, and it's frivolous, you can give attorneys' fees right up to the limit of the fees expended, right? I think the Court could announce the principle that would be helpful, which is if the fees are fairly attributable within the district court's discretion to the frivolous claim, they may be awarded, and then say in this case, because it was only a 1983. But I think nobody doubts that, do they? Well, Your Honor, I mean, the fees fairly attributable to a section 1983 claim, Petitioner says they have to be only attributable to a section 1983 claim. That's very much in dispute. Oh, no, but you're saying they were only attributable to a 1983 claim during all of this litigation except the very end. Correct, Your Honor, and we would be happy to win on that basis. The Fifth Circuit said it, and there's a reason that it was not an abuse of discretion, an abuse of discretion for the district court to award them under these circumstances. So you disagree with the statement in the Court of Appeals' opinion about only for either test? Yes, Your Honor. We think, we think that's true. And I understood your adversary to agree with that position. You don't need to switch sides, right? We almost did, Your Honor. It would be, it would be, we win under either test, Your Honor, but I don't think that section 1988 is fully served by litigation over whether something was applied for or not. No, but your argument has focused, in reference to the complaint and all that, on the legal theories. Your friend is focused on the underlying factual basis, and all the litigation, all the background work on the underlying factual basis, I don't know why that can be fairly attributed only to the 1983 claim. Well, because only the 1983 claims were pressed. But there's, I think, a faulty premise in his position, which is that there are facts over here and law over here. Questions that are specific to section 1983, such as under color of law, municipal policy or custom, are highly specialized, fact-bound, mixed questions of law and fact. The idea that when we're deposing somebody on, say, Sheriff Vice or Chief Vice on his conduct in office, that we're just looking at what happened and that this is just a factual question, I think that's inaccurate. But what percentage of the work done has actually been useful to you in defending the State court claims, approximate? I'm not in a position to answer that, Your Honor, because I'm not representing these parties in the State court. But I'll concede for purposes of today that some significant portion, I wouldn't put a number on it, but certainly the who, why, who, what, where, when, why, is relevant to both. But it's relevant to how it was prosecuted in front of the district court. And again, I think we have to put ourselves back in the chair of the district court on the bench when that fee request comes in. Under Petitioner's rule, if these claims have not been pressed in Federal court and they're going to be remanded at the plaintiff's request, the district court has to speculate, well, how is this all going to go in State court, how is this going to play out in practice, are these claims going to be meritorious, are they not going to be meritorious, are they how much of this is going to go to that, and I think that's frankly not the version that's used. Ginsburg. That's disembodying what we have, a factual scenario here. Some of the discovery was spent in determining what happened with the alleged racial slur. Investigating the facts of that claim are certainly relevant to the State court proceeding. Yes, Your Honor. And we don't contest that investigating the facts are relevant to both. But it has to be pressed in Federal court. It has to be during the action or proceeding to enforce Section 1983. Sotomayor, what that means, because if you're taking discovery on the State law issues, defamation, extortion, et cetera, you're pressing it at the point that the Federal action is dismissed, you no longer can pursue that in Federal court to its conclusion. Why would, if you have a bunch of different claims and the facts support some of the State court actions, why should you be entitled to fees that you would have incurred in State court no matter what? Because the district court here, in this case, and this may not be many cases, but in this case the district court found that the complaint did not sufficiently allege these State law causes of action to put the defendants on notice that a defense would be required. Sotomayor, are you seriously contending that the lawyer below didn't understand that the defamation and the extortion claims were part of this case? I'm hard pressed to believe that anyone reading that complaint would not doubt that the district court found. Miller, that is precisely what the district court said. Again, it says, the court finds that plaintiff failed to allege State tort law violations in the complaint such that defendants were adequately noticed that a separate defense as to these claims would need to be prepared at the beginning of the litigation. The record, this is on 32a of the Petition Appendix, goes on to say the record reflects that throughout the litigation, the focus of both plaintiff and defendant was plaintiff's section 1983 claim. And if you look at the correspondence between the parties, the summary judgment papers, it is 1983 from start to finish until the eleventh hour. And in fact, there is even a specific statement in which the city, in an abundance of caution, says just to be clear, there are no State law claims here. And I think the district court is within its discretion. I would point the Court to the cases in which this Court has examined the standard of review for Rule 11 decisions. And the Court has held in Cooter and Gell and in Pierce that we give district courts very, very wide berth on these questions precisely because they are on the ground, they recognize what the standards are for pleading, who is going to be on notice as to what. And this is a funny case in that regard. It's unusual in that these things really were put to the side and parked until the eleventh hour. Sotomayor, in answer to Justice Scalia's question, basically the only difference you have with the Fifth Circuit is that you would say fees fairly attributable to Federal claims as opposed to fees exclusively attributable to Federal claims. Is that correct? Yes, Your Honor. So your presumption would be that if the fees are to support both State and Federal claims, you are still entitled to fees? But they have to be judged, and this is under the eighth of these Johnson factors, they have to be judged in the context of the overall suit or the overall action to enforce section 1983. I still don't understand what that means. Well, if we were, if we had, if as Petitioner suggests, this really was just an add-on claim, that it was a section 1983 claim. And by the way, you know, here are my breach of contract claims and, you know, it may also be a taking. And nobody spent any time doing it and nobody spent a whole lot of, you know, worried about the taking claim. Sotomayor, you want district courts to determine how important the 1983 claim was in relationship to the State claim? Correct, Your Honor. I think that's correct, and I think that's precisely the point of Hensley. And again, as this case comes before this Court, whether the district court abused its discretion in calculating this fee award, I frankly, we submit that the judgment should be affirmed under any of these tests. If the Court has no more questions. Thank you. Thank you, counsel. Mr. Rosenkranz, you have 4 minutes remaining. Thank you, Your Honors. I actually like Mr. Stansel's cake metaphor. What matters is not how big, how much of the cake was devoted to one claim versus another. What matters is how much more energy it takes to bake this particular sliver of the cake. It is all the same energy. Now, the central piece of Mr. Stansel's argument is that the district court found that the focus was only on the Federal claims. That is a misreading of that one sentence, and Mr. Stansel keeps alighting the one critical word of that sentence, which was the district court said that they were not unnoticed, that they needed to separately defend the State law claims. Our whole point is they did not need to separately defend the State law claims. The district court was all turned around about the need to do something separate. And the reason we can be sure that Justice Sotomayor's reading of the complaint is the same as everyone else's is because the lawyers in this case, the defense counsel, did realize that there were State law claims. Their answers are right with State law defenses, and I refer the Court to pages 50, 56, and 66 of the Joint Appendix. Each one of them has three separate reference to, references to, if we are found liable under State law. The summary judgment motion to which Mr. Stansel refers has a response in opposition by the, by the defendants, in which they captioned, this is on page 122B, the caption is, State law claims against the town of Vinton. Now, that's, that earlier summary judgment motion, that wasn't the eleventh  Alito, if the Fifth Circuit's statement, if the Fifth Circuit's statement of the test it was applying is correct, would you say that that is a discretionary determination? The district court should have discretion in making the, an apportionment. Yes, Your Honor, absolutely. There's a huge amount of discretion. Once we set the rule, then the hours expended, were they reasonable? The rates, were they reasonable? At what point does the, does the, do the fees trigger because it was unreasonable to delay? All of that is. Would you agree that an assessment of the relative significance of the frivolous and non-frivolous claims would also be a factor that would go into that? I do not agree, Your Honor, because if you are, if the defendant is properly in court and properly being forced to do discovery, the relative importance, what was in their heads, what was motivating them, is irrelevant, unless, of course, apropos of the earlier question, what was going on was they really ratcheted up because they lose sleep over Federal claims more than over State claims. But, you know, a slip and fall, if you layer on top of it a 1983 claim, no one's losing more sleep. But what if there's a cap on the liability for the non-frivolous claim but not, maybe treble damages on the frivolous claim? I think that would be an exceptional circumstance under which the district court would be entitled to take into consideration something that's quite a bit more extraordinary. And so I'm not advocating, you know, a hard, fast, absolute rule, just a guideline of the sort that this Court routinely adopts. I mean, the notion that just the case of the non-frivolous claims is a non-frivolous claim. Roberts. But that's what I was wondering, kind of a starting point, and I don't know why you would fight so vigorously against the verbal formulation, fairly attributable. I assume most district courts, when they get in, they're going to start by looking at whatever is affidavit, this is how much our fees were. And then if there's some reason, perhaps Mr. Stancil's case, where everybody thinks it's a Federal and that's all, or maybe not, then they can just go fairly attributable rather than but for, which gives the district court a lot more leeway, the sort of leeway we've always held in this area they should have. Well, Your Honor, I actually believe, if I may answer the question, it is quite a bit easier to apply a but-for test and to review it on appeal than it is to apply a test that is just a mishmash of factors over which, if the stakes are high enough and they will be under Mr. Stancil's rule, there is an enormous incentive to litigate to death. If there are no further questions, I thank you for your report. Roberts.